# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seandell Lee Dupree Jones,<br><br>                           Petitioner,<br>v.<br>C. Callahan,<br><br>                          Respondent. | Case No.: 3:18-cv-0646-AJB-WVG<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 11), and DISMISSING PETITIONER'S HABEAS PETITION, (Doc. No. 1)** |

Before the Court is Petitioner's petition for Writ of Habeas Corpus. (Doc. No. 1.) The case was referred to Magistrate Judge William V. Gallo for a Report and Recommendation ("R&R"). The R&R recommends the Court **DENY** Jones' petition. (Doc. No. 11.) For the reasons stated herein, the Court **ADOPTS** the R&R and **DENIES** Petitioner's habeas petition.

## I. BACKGROUND

The R&R thoroughly details the case's factual background as recounted by the state appellate court and the procedural history. (Doc. No. 11 at 2–6.) In sum, Petitioner and another defendant placed an ad on Craigslist to sell a computer, met the buyer, and robbed him. The victim gave chase but gave up after Defendants threatened to kill him. A second, similar robbery took place days later with new victims in which Defendants took cash and two cell phones. After the second robbery, Defendants went to a house where their

girlfriends lived but left shortly thereafter. In the meantime, as the second robbery victims were driving to the police station, they noticed Defendants driving in the car and followed it. The two cars ended up in a cul-de-sac, and when Defendants drove by the victims to leave, they shot into the car and struck one victim in the chest, who later died. Defendants attempted to flee but were eventually caught, charged, and convicted of first-degree murder and other crimes. (*Id.* at 2–4.) Petitioner was not the person who discharged the gun, but the Defendant who did alleges it was inadvertently fired. (*Id.* at 4.)

## II. LEGAL STANDARDS

The duties of the district court with respect to a magistrate's judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). As to portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

## III. DISCUSSION

Petitioner alleges "his federal due process rights were violated when the trial judge refused to instruct the jury that, for purposes of the felony murder rule under California law, the target felony ends when the perpetrators reach a place of temporary safety." (Doc. No. 11 at 7 (citing Doc. No. 1 at 13–19).)

The R&R notes there is a jury instruction which includes the "escape rule." The escape rule instructs the jury that a crime continues only until the perpetrators have

2

3:18-cv-0646-AJB-WVG

"actually reached a place of safety." Cal. Crim. Jury Instruction 549. The trial judge declined to include this instruction relying on a California Supreme Court case, *People v. Cavitt*, 33 Cal. 4th 187 (2003), which held the escape rule did not apply to felony murder—which is what Petitioner was charged under. However, after Petitioner was convicted, but before his sentencing, the California Supreme Court decided *People v. Watkins*, 56 Cal. 4th 333 (2013), which held the escape rule does apply to felony murder. Petitioner motioned for a new trial, but the trial judge denied the motion finding "the failure to properly instruct the jury with the escape rule was harmless beyond a reasonable doubt." (Doc. No. 11 at 10; Doc. No. 7-20 at 39–47.) The California appellate court affirmed this finding, stating it was not prejudicial error because:

> the jury was instructed on the escape rule under two other instructions and necessarily made findings on the escape rule adverse to the defendants in connection with those instructions. Based on those findings, we can safely conclude that the jury determined the defendants had not reached a place of temporary safety before the killing.

(Doc. No. 7-27 at 12–18.) Indeed, the jury "made a true finding that [Jones' co-defendant] personally and intentionally discharged a firearm during the robbery of [the victims]. . . . Therefore, in [making this finding], the jury necessarily concluded that the robbery continued until the end of the car chase, when [co-defendant] shot [victim]." (*Id.*) This finding was separate from the trial court's instruction error.

The R&R found that "[a]lthough the jury was not instructed on the escape rule for the felony murder counts, the jury was instructed on the escape rule for the robbery and shooting at an occupied vehicle counts." (Doc. No. 11 at 17.) The R&R notes to arrive at the convictions they did,

> the jury had to first find that Jones had committed a robbery and that the robbery was still in progress when the crime of shooting at an occupied vehicle occurred. And, in order for the jury to have concluded that the robbery was still in progress when the shooting occurred under these instructions, they necessarily had to have found that Jones had not reached a place of temporary safety at any point prior to the shooting.

(*Id.* at 18–19.)

Petitioner objects to the R&R arguing the R&R fails to note that the state court applied *Chapman* in an objectively unreasonable manner. (Doc. No. 12 at 2–4.) *Chapman v. California*, 386 U.S. 18, 24 (1967) states when a federal constitutional error occurs at trial, a reviewing court on direct appeal must determine whether the error was harmless beyond a reasonable doubt. Here, the R&R concluded by finding that "[g]iven the verdicts on the robbery and shooting at an occupied vehicle counts, therefore, the state court's conclusion that the instructional error was harmless beyond a reasonable doubt was objectively reasonable." (*Id.* at 19.) Petitioner's conclusory objection that "[t]he state court[']s conclusion was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair-minded agreement," without more explanation, does not suffice. (*Id.* at 4.) Thus, the Court overrules this objection.

Petitioner's second objection argues the magistrate judge failed to address the denial of his right to present a complete defense. (*Id.* at 4–5.) Petitioner argues that because the trial court failed to instruct the jury regarding the escape rule, he was not able to present a complete defense. (*Id.*) Petitioner asserts the Supreme Court has held that a defendant "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Matthews v. United States*, 485 U.S. 58, 63 (1988). Here, the Court finds the R&R did cover this, albeit indirectly, throughout its entire analysis. The R&R found that the appellate court's reasoning that although Petitioner was not able to assert the specific "escape rule" jury instruction in his defense, this error was not prejudicial because the jury made factual findings that Petitioner did not reach a place of safety and that the felony murder occurred during one continuous transaction was not clearly erroneous. Nothing in the objection leads the Court to find otherwise. Thus, the Court overrules this objection as well.

## IV. CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the report and recommendation,

4

(Doc. No. 11), and **DENIES** Petitioner's writ of habeas corpus, (Doc. No. 1).

When a district court enters a final order adverse to the petitioner in habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel,* 529 U.S. 473, 474 (2000). Here, the Court finds that reasonable jurists could not debate whether the petition should have been resolved differently and thus **DENIES** issuing a certificate of appealability.

The Court Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: August 15, 2019

Hon. Anthony J. Battaglia
United States District Judge